1   JOHN M. GENGA (SB# 125522)
2   JERL B. LEUTZ (SB# 253229)
    GENGA & ASSOCIATES, P.C.
3   15260 Ventura Boulevard, Suite 1810
    Sherman Oaks, California 91403
4   Telephone: (818) 444-4580
    Facsimile: (818) 444-4585
5
    Attorneys for Applicant
6   EARTHBOUND FILMS, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10
    EARTHBOUND FILMS, LLC, a          Case No.: CV12-5932 R (MANx)
11  Delaware limited liability company,
                                      NOTICE OF APPLICATION AND
12             Applicant,             APPLICATION TO CONFIRM
                                      ARBITRATION AWARD AND FOR
13      vs.                           ENTRY OF STIPULATED JUDGMENT;
                                      MEMORANDUM OF POINTS AND
14  EURO TV SARL, a French limited    AUTHORITIES IN SUPPORT
    liability company,
15                                    *(Filed Concurrently with: (i) Declaration
               Respondent.            of John M. Genga; (ii) Stipulation for
16                                    Entry of Judgment; and (iii) [Proposed]
                                      Judgment)*
17
                                      [9 U.S.C. § 9]
18
                                      DATE:  August 13, 2012
19                                    TIME:
                                      CTRM:      [Judge _____]
20

21

22

23

24  TO ALL PARTIES AND THEIR ATTORNEYS:

25      PLEASE TAKE NOTICE that on August 13, 2012, at ___:_____ or as soon

26  thereafter as the matter may be heard, in courtroom ____ of the above-entitled Court,

27  located at [312 North Spring Street] [255 East Temple Street], Los Angeles,

28  California 90012, applicant Earthbound Films, LLC ("Applicant" or "Earthbound")

                      APPLICATION TO CONFIRM ARBITRATION AWARD

1   will and does hereby apply for an order confirming the award issued on January 11,

2   2012 in that certain arbitration conducted under the rules of the Independent Film &

3   Television Alliance ("IFTA") between Earthbound and Euro TV Sarl ("Euro TV"

4   or "Respondent") (the "Arbitration").  Earthbound so applies pursuant to 9 U.S.C. §

5   9, as follows:

## THE PARTIES

7      1.      Earthbound is a limited liability company organized and existing under

8   the laws of Delaware, with its principal place of business in Los Angeles County,

9   California.

10     2.      Euro TV is a limited liability company ("*société à responsabilité*

11  *limitée*") organized and existing under the laws of France, with its principal place of

12  business at 24 Rue de Teheran, Paris 75008, France.

## JURISDICTION and VENUE

14     3.      This Court has subject matter jurisdiction of this summary proceeding

15  pursuant to 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds the

16  sum of $75,000, exclusive of interest and costs, and is between the citizen of a state

17  of the United States and the subject of a foreign state.

18     4.      This Court, situated in the state of California, has personal jurisdiction

19  over Respondent pursuant to California Code of Civil Procedure ("CCP") section

20  410.10, U.S. Const. Amend. XIV and *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

21  316 (1945), as well as CCP § 410.40 and Section 11B of the parties' written

22  agreement dated as of May 21, 2010 ("Distribution Agreement"),[1] in which Euro

23  TV contractually submitted to the exclusive jurisdiction of all courts located in Los

24  Angeles, California.

25

26  [1] The Distribution Agreement appears as Exhibit 1 to the Declaration of John M.

27  Genga ("Genga Dec.") submitted concurrently herewith and in support hereof.  All
    exhibit citations are to those attached to and authenticated in the Genga Dec., and

28  are numbered to distinguish them from their own lettered exhibits.

2

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that the Arbitration that forms the entire basis for this proceeding took place in this judicial district, and *id.* § 1391(a)(3), since Respondent is subject to personal jurisdiction in this Court and no other appropriate district exists in which this matter otherwise could be brought. Section 11B of the Distribution Agreement provides for judicial enforcement of the Award exclusively in this judicial district.

## EURO TV AGREES TO BE AND IS BOUND BY THE AWARD

6.     Pursuant to the Distribution Agreement, Earthbound, owner of the motion picture "Earthbound" (the "Picture"), licensed to Euro TV, in exchange for payment by Euro TV in the minimum amount of $1.3 million, the right to distribute the Picture in certain specified media in France and other designated territories. Dist. Agmt. §§ 1, 2, 5, 7 (Ex. 1 at 5-7).

7.     Section 11B of the Agreement (*id.* at 9) provides that "any dispute under this agreement, including, without limitation, any dispute relating to … [Euro TV]'s obligation to make any payment hereunder, … shall be resolved by mandatory binding arbitration under the Rules of International Arbitration of the IFTA." Earthbound initiated Arbitration thereunder after Euro TV made an initial payment of $260,000 but failed to pay the balance of $1,040,000 when due or at any time thereafter. Under the IFTA rules, the parties selected as arbitrator Michael C. Donaldson, Esq. (the "Arbitrator").

8.     On October 7, 2011, the parties presented all their witnesses and evidence to the Arbitrator at his law office in Beverly Hills, California. After post-hearing briefing by both sides, the Arbitrator issued a written award to the parties on January 11, 2012 (the "Award"), ordering Euro TV to pay Earthbound a total of $1,069,240.36 (including interest accrued as of that date), and declaring that all rights to the Picture, in all territories specified in the Distribution Agreement, "remain the property of Earthbound." Award, Ex. 2 at 54:6-10.

3

1    9.    The Arbitrator rendered his Award in accordance with the Distribution
2    Agreement as well as the IFTA rules and applicable laws of arbitration.  Euro TV
3    has not sought to vacate, modify or "correct" the Award under the limited grounds,
4    or within the time limits, provided by the IFTA rules or the Federal Arbitration Act,
5    9 U.S.C. §§ 10-12.  Nor has Euro TV paid any portion of the Award to date.

6    <u>EURO TV STIPULATES TO ENTRY OF JUDGMENT AGAINST IT</u>

7    10.    To facilitate payment of the Award, Earthbound offered, and Euro TV
8    accepted, a compromise ("Settlement") by which Euro TV could pay off the Award
9    over time and for specified payments, in exchange for which Euro TV stipulated
10   that, if it defaulted on such payments, judgment could forthwith enter against it in
11   the full amount of the Award, plus interest, less such amounts, if any, already paid.
12   Ex. 3 § 2; Stip. to Enter Jgmt. ¶ 2.  Euro TV failed to make the first (or any)
13   payment due under the Settlement, constituting an event of default, making the full
14   amount of the Award immediately due and payable and authorizing prompt entry of
15   judgment pursuant to the parties' Stipulation therefor.

16   WHEREFORE, Earthbound prays that this Court, having jurisdiction over
17   the subject matter of and all persons party to this application, and constituting the
18   proper venue for this proceeding, issue an order: (i) confirming the Award; (ii)
19   entering judgment thereon in accordance with the parties' Stipulation; (iii) granting
20   Earthbound all recoverable costs and reasonable attorneys' fees incurred by it in
21   connection herewith; and (iv) awarding such other and further relief as the Court
22   may deem just and proper.

23   Earthbound seeks such relief based on this notice and application; the
24   following memorandum of points and authorities and accompanying declaration of
25   John M. Genga (together with all exhibits thereto) in support hereof; the parties'
26   fully executed Stipulation for Entry of Judgment filed, and the [Proposed]
27   Judgment thereon lodged, concurrently herewith; all files and records of this action;
28   and such other evidence and argument as may be presented to the Court at or before

4

1   the hearing on this application.  This application is made following communications

2   with counsel pursuant to Local Rule 7.3, which took place from May 29 to June 28,

3   2012.

4

5   DATED: July 10, 2012

                                        _____
                                        John M. Genga
6                                       of GENGA & ASSOCIATES, P.C.
                                        Attorneys for Applicant
7                                       EARTHBOUND FILMS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION TO CONFIRM ARBITRATION AWARD

1  ## MEMORANDUM OF POINTS AND AUTHORITIES

2  ## I.   INTRODUCTION

3       Earthbound has a legal right to judgment confirming the Award in its favor in

4  all respects.  Euro TV consented to binding Arbitration, to abide by the resulting

5  Award, and to its enforcement by "any court having jurisdiction."  Ex. 1 at 9, §

6  11B.  The Arbitrator found its agreement valid, and properly ruled in favor of

7  Earthbound on its claim of Euro TV's breach, and against Euro TV on its defenses

8  and counterclaims.  Ex. 2 at 45:16-18, 53:18-54:17.

9       The Court has no grounds to vacate, modify or correct the Award, and the

10  time within which it could have done so has long since expired.  9 U.S.C. §§ 10-12.

11  Indeed, Euro TV recognized the validity of the Award, having agreed to make

12  payments on it in exchange for stipulating to judgment in the event it failed to do

13  so.  The Court has the parties' Settlement so specifying (Ex. 3 at 56, §§ 2, 3); their

14  fully executed Stipulation for Entry of Judgment and [Proposed] Judgment thereon

15  (filed and lodged concurrently herewith, respectively); and proof of Euro TV's

16  default, including as acknowledged by its own counsel (Genga Dec. ¶ 4, Ex. 4).

17       For such reasons, more fully elucidated below, "the court must grant" the

18  relief Earthbound seeks.  9 U.S.C. § 9.  This includes the costs and reasonable

19  attorneys' fees it has incurred on this application.  Ex. 1 at 9, § 11B.

20  ## II.   PERTINENT FACTS

21       The facts giving rise to this application appear in the Award.  In sum, the

22  Distribution Agreement into which Earthbound and Euro TV entered provides for

23  arbitration in the event of any dispute between the parties, including with regard to

24  Euro TV's "obligation to make ... payment" thereunder.  Ex. 1 at 9, § 11B.  Such a

25  dispute did arise.  Euro TV so conceded, stipulating that it: (i) "agreed to pay a

26  minimum of $1,300,000 for various specified rights in the Picture, payable 20%

27  ($260,000) upon signing of the Agreement and 80% ($1,040,000) within thirty (30)

28  days after receiving a Notice of Delivery" from Earthbound; (ii) only "paid

6

1   $260,000" thereof; and (iii) did "not pa[y] the balance of $1,040,000 or any part
2   thereof" after Earthbound "issued the Notice of Delivery." Ex. 2 at 45:19-26.  With
3   such a *prima facie* case of breach, Earthbound exercised its contractual right to
4   arbitrate by a Notice of Arbitration dated June 29, 2011. *Id.* at 45:11.

5        The parties selected the Arbitrator, who held a hearing on the merits on
6   October 7, 2011. *Id.* at 44:2-3. He heard testimony from Euro TV's CEO and two
7   Earthbound witnesses, and received eleven exhibits into evidence. *Id.* at 44:7-9,
8   44:21-45:11. After post-Arbitration briefing, the Arbitrator submitted his final,
9   written Award, served by IFTA on all parties on January 11, 2012. Ex. 2 at 40-41.
10  He listed the foregoing and other stipulated facts, and made 27 additional factual
11  findings. *Id.* at 46:4-50:28. He ruled the Distribution Agreement valid and found
12  that Euro TV had breached it and established no valid defense to such breach or to
13  the damages therefrom. *Id.* at 51:1-54:2. He awarded Earthbound damages,
14  interest and costs and attorneys' fees that he found reasonable per the Distribution
15  Agreement (Ex. 1 at 9, § 11B), in a total amount of $1,069,240.36. Ex. 2 at 54:6-8.
16  He also held that "[a]ll distribution rights in French speaking territories remain the
17  property of Earthbound." *Id.* at 54:9-10; Ex. 1 at 25, § 15.2. Lastly, he ruled
18  against Euro TV on its counterclaims. Ex. 2 at 54:14.

19       The Arbitrator had full power to, and properly did, reach this result.  The
20  circumscribed review provisions of the Federal Arbitration Act ("FAA") prohibit
21  the Court from disturbing his factual findings and legal conclusions, even if it
22  believes them incorrect, and the time to invoke these provisions has expired in any
23  event. 9 U.S.C. §§ 10-12. As such, the Court "must grant" this application. *Id.* §
24  9. Euro TV recognizes this, having stipulated to the judgment Earthbound seeks.

25  **III.   ARGUMENT**

26       The FAA, 9 U.S.C. §§ 1 *et seq.*, governs arbitration contracts "evidencing a
27  transaction involving commerce," including "with foreign nations." *Id.* §§ 1, 2.
28  The FAA thus controls the Distribution Agreement between the domestic entity

7

1    Earthbound and the French company Euro TV.  Pertinent to this application in

2    particular, the FAA provides:

3          If the parties ... have agreed that a judgment of the court shall

4          be entered upon the award made pursuant to the arbitration, and

5          shall specify the court, then at any time within one year after the

6          award is made any party to the arbitration may apply to the court

7          so specified for an order confirming the award, and thereupon

8          *the court must grant such an order* unless the award is vacated,

9          modified, or corrected as prescribed in sections 10 and 11 ....

10    *Id.* § 9 (emphasis added).  The circumstances leading to Earthbound's application

11    fall directly within these statutory requirements, compelling the relief sought here.

12         **A.**     **Earthbound Properly Seeks Confirmation in This Court.**

13         The parties agreed to and did fully participate in final, binding Arbitration,

14    and freely consented that "any court having jurisdiction may enforce" the Award.

15    Ex. 1 at 9, § 11B; *see also* Ex. 5 at 101, IFTA Int'l Arb. R. 12.5 ("Any party may

16    seek confirmation of ... the ... award with a court having jurisdiction").  More

17    particularly, they openly chose *this* forum for such enforcement:

18          Any of [the parties] may initiate ... arbitration pursuant to the

19          [IFTA] Rules and the arbitration will be held in Los Angeles,

20          California (the "Forum")....  Each of the parties hereby submits

21          to the exclusive jurisdiction of the courts of the Forum in all

22          matters relating to such arbitration.

23    Ex. 1 at 9, § 11B.  Such provision empowers *this* Court to confirm the Award. *G.C.*

24    *& K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003).

25         The Court has subject matter jurisdiction due to diversity of the parties, and

26    because the matter in controversy exceeds $75,000. *Id.*; 28 U.S.C. § 1332.

27    Earthbound is a Delaware limited liability company with its principal place of

28    business in Los Angeles; EuroTV is a French company with its principal place of

1   business in Paris and thus a "citizen" of France for diversity purposes. *JP Morgan*

2   *Chase Bank v. Traffic Stream (BVI) Infrastructure, Ltd.*, 536 U.S. 88, 91 (2002).

3       This Court, moreover, has personal jurisdiction over the parties. They have

4   enforceably contracted for such jurisdiction. *National Equip. Rental, Ltd. v.*

5   *Szukhent,* 375 U.S. 311, 316 (1964). Euro TV further subjected itself to personal

6   jurisdiction by contracting with a California LLC, and by owing its performance

7   (payment) to and arbitrating against that entity here. CCP §§ 410.10, 410.40; U.S.

8   Const. Amend. XIV; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

9       Finally, the FAA upholds the parties' choice of this venue. 9 U.S.C. § 9 ("If

10  the parties in their agreement have agreed that a judgment of the court shall be

11  entered upon the award made pursuant to the arbitration, and shall specify the court,

12  then at any time within one year after the award is made any party to the arbitration

13  may apply *to the court so specified* for an order confirming the award") (emphasis

14  added); *Cortez Byrd Chips v. Bill Harbert Constr. Co.,* 529 U.S. 193, 197 (2000).

15  *See also* 28 U.S.C. §§ 1391(a)(2), (3). With all parties properly before it, this Court

16  has full power to consider and rule upon Earthbound's application.[2]

17      **B.    The Court "Must" Confirm the Award and Enter Judgment.**

18      As a party to the Arbitration, Earthbound "may apply to the court … for an

19  order confirming the award, and thereupon the court *must* grant such an order

20  *unless* the award is vacated, modified, or corrected." 9 U.S.C. § 9 (emphases

21  added). The statute restricts judicial review of arbitration awards to specific

22  enumerated grounds going to the integrity of the process rather than the merits, and

23

24

25  [2] "Within thirty (30) days after receipt of the award, either party, with notice to the
    other party, may request the Arbitrator to correct in the award any errors in

26  computation, any clerical or typographical errors, or errors of similar nature." Ex. 5
    at 101, IFTA Int'l Arb. R. 12.4. Euro TV made no such request within that time.

27  Genga Dec. ¶ 6. The Award "is not subject to appeal" within IFTA; Earthbound

28  now "may seek confirmation of" it here. Ex. 5 at 101-102, Rules 12.5, 13.2.

1   unless it vacates, modifies or corrects an award, the Court must confirm it. *Bosack*
2   *v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009).

3              **1)    No Grounds Exist to Do Anything but Confirm the Award.**

4          None of the narrow grounds to vacate the duly issued Award exists here.
5   EuroTV cannot demonstrate partiality, corruption or misconduct by the Arbitrator,
6   or corruption, fraud, or undue means in procuring the Award. 9 U.S.C. §§ 10(a)(1),
7   (2). Nor can it show that it requested and was denied a needed postponement, or
8   that the Arbitrator refused to hear material evidence. *Id.* § 10(a)(3). Finally, the
9   Distribution Agreement confers broad powers on the Arbitrator (Ex. 1 at 9, § 11B),
10  which EuroTV cannot show he exceeded. *Id.* § 10(a)(4).

11         Neither is any basis present to modify or correct the Award. It reflects no
12  miscalculation or material mistake in descriptions of any person, thing or property.
13  9 U.S.C. § 11(a). Nor is the Award improper in form or made upon a matter not
14  submitted to the Arbitrator. *Id.* § 11(b), (c).

15         Parties to an arbitration agreement bargain for the arbitrator to rule; the Court
16  may not disturb the Award even if it may have found differently, since doing so
17  would interfere with the parties' right to contract for the decision of the Arbitrator.
18  *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593,
19  599 (1960). Indeed, "confirmation is required even in the face of erroneous
20  misinterpretations of law." *Todd Shipyards Corp. v. Cunard Line*, 943 F.2d 1056,
21  1060 (9th Cir. 1991) (citation and quotations omitted).

22         The Arbitrator here made detailed findings of fact on evidence that this Court
23  may not independently review. He thoroughly analyzed and ultimately rejected
24  Euro TV's defenses to Earthbound's claim. Whether he did either "correctly" – and
25  we have no doubt that he did – provides no basis under the FAA to vacate, modify
26  or correct the Award. As such, the Court "must" confirm it. 9 U.S.C. § 9.

27

28

**APPLICATION TO CONFIRM ARBITRATION AWARD**

1

2) **The FAA's Limitations Compel Confirmation of the Award.**

2          "Notice of a motion to vacate, modify, or correct an award *must* be served

3    upon the adverse party or his attorney *within three months* after the award is filed or

4    delivered." 9 U.S.C. § 12 (emphases added).[3] Euro TV served no such motion

5    within such time. Genga Dec. ¶ 6. Since the Court *must*, upon application, confirm

6    the Award *unless* it vacates, modifies or corrects it (which can no longer happen),

7    the Court has no discretion other than to confirm the Award. 9 U.S.C. § 9.

8          3) **Euro TV Has Stipulated to Judgment on the Award.**

9          To alleviate the Award's burden on Euro TV, the parties provided for a series

10   of payments which, if timely made, would be deemed full satisfaction. Ex. 3 at 55-

11   56, §§ 1, 2. Euro TV also executed a Stipulation for Entry of Judgment, agreeing to

12   judgment if it defaulted, including by failing to make the initial settlement payment

13   when due. Ex. 3 at 56, §§ 2, 3(b). Euro TV had to remit that payment by no later

14   than June 28, 2012 (*id.* at 55, § 1), which its own counsel conceded it did not do

15   (and which it still has not done). Genga Dec. ¶ 4, Ex. 4.

16         A stipulated judgment is final and enforceable. *Jeff D. v. Kempthorne*, 365

17   F.3d 844, 850 (9th Cir. 2004); *Stone v. City and County of San Francisco*, 968 F.2d

18   850, 854 (9th Cir. 1992). A condition to its entry having occurred, the Court should

19   now issue the [Proposed] Judgment based on the parties' Stipulation, in addition to

20   the grounds for judgment confirming the Award under the FAA.

21   C.    **The Court Should Award Earthbound Its Costs and Attorneys'**

22         **Fees on This Application.**

23         The Distribution Agreement grants the prevailing party the right to recover

24   its expenses and reasonable attorneys' fees. Ex. 1 at 9, § 11B. The Arbitrator

25   awarded such fees and expenses to Earthbound, which here additionally seeks and

26   is entitled to recover those incurred on this application. Cal. Civ. Code § 1717;

27

28

---

[3] California law similarly proscribes such relief "later than 100 days after the date
of service of a signed copy of the award ...." CCP § 1288.

11

1   *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992)
2   (reversing judgment vacating award, with direction to confirm award and grant
3   attorneys' fees to prevailing party per contract). When confirming the Award, the
4   Court should grant Earthbound the costs and attorneys' fees it reasonably incurred
5   with this application, proof of which it shall provide. Genga Dec. ¶ 7.

6   **IV.    CONCLUSION**

7         Earthbound applies to this Court for relief that it has no alternative but to
8   grant. The parties' Arbitration properly took place under the Distribution
9   Agreement to which EuroTV undeniably agreed, and EuroTV cannot, and has
10  exceeded the statutory deadline to, establish any of the precisely defined, egregious
11  irregularities that could support vacating, modifying or correcting the Award. 9
12  U.S.C. §§ 10-12. As such, the Court "must" confirm it, *id.* § 9, and enter judgment
13  for Earthbound affirming its ownership of the Picture and for damages of
14  $1,069,240.36, interest thereon from December 28, 2011, and such costs and
15  attorneys' fees it deems recoverable in this proceeding.

16
17  DATED: July 10, 2012          Respectfully submitted,
18
19                                   John M. Genga
20                             of GENGA & ASSOCIATES, P.C.
21                             Attorneys for Applicant
                           EARTHBOUND FILMS, LLC
22
23
24
25
26
27
28

                                12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 5932 R (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
John M. Genga (#125522)
GENGA & ASSOCIATES, P.C.
15260 Ventura Blvd., Suite 1810
Sherman Oaks, CA 91403
Tel: (818) 444-4580; Fax: (818) 444-4585

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTHBOUND FILMS, LLC, a Delaware limited liability company, <br><br> PLAINTIFF(S) <br><br> v. <br><br> EURO TV SARL, a French limited liability company, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV12·5932 R (MANx)** <br><br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): EURO TV SARL

A lawsuit has been filed against you.

Within ⊬ 2\ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John M. Genga , whose address is Genga & Associates, P.C., 15260 Ventura Blvd., Suite 1810 Sherman Oaks, CA 91403 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 10 2012

Dated: _____

Clerk, U.S. District Court

SHEA BOURGEOIS

By: _____
Deputy Clerk

(Seal of the Court) 1184

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>EARTHBOUND FILMS, LLC, | DEFENDANTS<br>EURO TV SARL |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>John M. Genga (#125522) - GENGA & ASSOCIATES, P.C.<br>15260 Ventura Blvd., Suite 1810, Sherman Oaks, CA 91403<br>Tel: (818) 444-4580; Fax: (818) 444-4585 | Attorneys (If Known)<br><br>Scott L. Baker<br>Baker & Associates<br>1875 Century Park East, Suite 1490<br>Los Angeles, CA 90067 - Tel: (310) 553-2253 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☑ MONEY DEMANDED IN COMPLAINT: $ $1,069,240.36

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1332(a)(2) - Application to Confirm Arbitration in an action involving a plaintiff with a place of business in California and a defendant in France

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12·5932**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | France |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date July 10, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |